FILED
Clerk
District Court

FEB 29 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**TIMOTHY H. BELLAS**
Attorney-at-Law
Bank of Hawaii Bldg., Suite 203
P.O. Box 502845
Saipan, MP 96950
Telephone: (670) 323-2115; Fax 323-2116

**ATTORNEY FOR**: Petitioner Zhu

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZHU, LIAN KUN, ) | CIVIL CASE NO. 08-0012 |
| Petitioner, ) | CRIMINAL CASE NO. 03-00018 |
| ) | |
| v. ) | **MEMORANDUM OF LAW IN SUPPORT OF PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | **PURSUANT TO 28 U.S.C. § 2255** |

Comes Now, Petitioner, ZHU, JIAN KUN, (Mr. Zhu) presently incarcerated in the Bureau of Prisons Moshannon Valley facility located in Philipsburg, Pennsylvania, by and through his Court appointed counsel, Timothy H. Bellas, and files this Memorandum of Law in

1

Support of his Motion for relief under 28 U.S.C. § 2255.

## I. FACTS SUPPPORTING CLAIM

As outlined in the moving papers, Petitioner, Mr. Zhu, alleges that the actions of his appointed counsel, F. Mathew Smith, in not reporting the possible coaching of the main witness against him by the prosecutor were so prejudicial that it constituted ineffective assistance of counsel and on that basis he should be entitled to a new trial.

## II. LEGAL STANDARDS

The Supreme Court has defined the burden that a Petitioner who alleges ineffective assistance of counsel must meet in *Strickland v. Washington*, 466 U.S. 668 (1984): to establish a claim of ineffective assistance of counsel, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690 (*emphasis added*).1 In a more recent case *Wright v. Van Patten*, 128 S.Ct. 743, *748(U.S.,2008) the Supreme Court has confirmed that there is a second standard which is based on the case of *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). This standard does not require an inquiry into the attorney's action or inaction at trial because the facts suggest that even a competent attorney, could not have provided effective assistance and therefore a presumption of prejudice is appropriate. Or in the alternative, the Supreme Court states that no such inquiry is necessary is because the facts must invoke a sense

---

1  Although *Strickland* has "ordinarily" been held to apply to claims of ineffective assistance of counsel at the plea hearing stage of the criminal case.

2

that the attorney's inaction failed to subject the prosecution's case to meaningful scrutiny, thus indicating a breakdown of the adversarial process.

## II. ARGUMENT

The instant motion is presented on behalf of the Petitioner who by virtue of his inability to speak the English language has had counsel appointed to present his contentions to the Court.

The Petitioner, therefore, would argue in support of his motion to this Court that the actions of his trial counsel in failing to make a record of the alleged prosecutorial misconduct were extremely prejudicial to his case.

First, trial counsel's failure to do so deprived this Court of its ability to conduct a contemporaneous inquiry into the alleged misconduct. Depending on the findings of the Court after such an inquiry, this would have allowed the Petitioner to move for a mistrial on the basis of the misconduct. A mistrial at that stage of the proceedings, where jeopardy had already attached, would have resulted in the Petitioner not being subject to further prosecution. The making of a record would have also preserved the issue for purposes of appeal, should the Court not have sustained the prosecutorial misconduct alleged.

Petitioner contends that since the witness who was allegedly being coached was the main prosecution witness, the actions of trial counsel fall into that category of actions which suggest such circumstances as give rise to significant prejudice to the Petitioner because this

3

could have provided an additional basis on which her credibility could have been attacked at trial. More importantly, now due to the passage of time since the trial, the issue may no longer be susceptible to meaningful inquiry by the Court. Therefore the Court should find that this was the type of substantial prejudice as gives rise to ineffective assistance of counsel under the *Cronic* standard.

**CONCLUSION**

Wherefore, Petitioner requests that the Court either order a new trial or such further hearings as it deems appropriate under the circumstances presented by this Motion.

Respectfully submitted, this 28th day of February, 2008.

_____
Timothy H. Bellas, F-0135
Attorney for Petitioner Zhu

4