**TIMOTHY H. BELLAS**
Attorney-at-Law
Bank of Hawaii Bldg., Suite 203
P.O. Box 502845
Saipan, MP 96950
Telephone: (670) 323-2115; Fax 323-2116

**ATTORNEY FOR**: Petitioner Zhu

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ZHU, LIAN KUN, | ) | CIVIL CASE NO. 08-00012 |
| Petitioner, | ) | CRIMINAL CASE NO. 03-00018 |
| v. | ) | **DECLARATION OF TIMOTHY H. BELLAS IN SUPPORT OF MOTION FOR EXTENSION OF TIME** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

COMES NOW, TIMOTHY H. BELLAS, and states the following:

1.  I am an attorney licensed to practice in the CNMI and an officer of this Court.

2.  I am the CJA appointed attorney for the Petitioner in the above entitled matter and

1

competent to testify to the matters stated herein, if necessary.

3. In the course of representing the Petitioner I have made several attempts to contact him by telephone in the institution in which he is incarcerated.

4. Such contact has been very difficult because he is in a facility on the East coast of the U.S. mainland, requiring me to call after 11:30 p.m. or at 5:30 a.m. in order to contact the Petitioner.

5. While I have not kept actual records of the dates that I have attempted to reach the Petitioner, I have made more than eight attempts on eight separate dates to contact the Petitioner. Some of these attempts consisted of more than one call on each date.

6. The usual process involves calling the main number of the facility and receiving a voice mail message. I leave a message for the Petitioner's case manager, who was initially a Ms. Shaw.

7. At times I have spoken with a person who has redirected my call to the case manager's extension.

8. When I reach that number I get the direct voice mailbox of the case manager and have left messages there.

9. As a result of these attempts, I have only been able to actually speak to the Petitioner once and that was for less than 15 minutes because I was advised that he had to report for "bed check".

2

10. More recently I was advised that the Petitioner has a new case manager named Ms. D. Magnusson.

11. After leaving two voice mail messages on April 1st, 2008, I received a return call from Ms. Magnusson fifteen minutes later.

12. She indicated that she would make the Petitioner available for a telephone conference on April 2, 2008, at 10:00 a.m. CNMI local time. This time would be available because Ms. Magnusson was working a later shift that day at the facility.

13. When I expressed concern about reaching her due to my past experience with voice mail, Ms. Magnusson provided me with her direct telephone number and assured me the Petitioner would be available for the phone conference.

14. At 10:00 a.m. on April 2, 2008, I called Ms. Magnusson's direct number and got her voice mail.

15. I called at 10:20 a.m. and was still unable to reach Ms. Magnusson. I left another message but never got a return call.

16. I have also conducted further investigation into the information supplied by the Petitioner, in order to comply with the Court's Order granting the *sua sponte* extension of time.

17. I have interviewed a person with alleged had information pertinent to the Petitioner's grounds for the instant motion.

18. On the basis of that interview, I am unable to provide any further Declarations under

3

1  penalty of perjury, other than that of Ms. Shi who was the interpreter at the Petitioner's trial and at
2  the time that the alleged conduct was reported to Mr. Matthew Smith.
3      19.    I believe that it would be appropriate for me to discuss the results of my
4  investigative efforts with the Petitioner prior to submitting this matter to the Court for a ruling.
5      I declare under penalty of perjury that the matters stated herein are true and correct to the
6  best of my knowledge and belief and that this Declaration was executed on Saipan, CNMI on this
7  2nd day of April, 2008.

_____
Timothy H. Bellas, Declarant

4